## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| LYNDA VAN DYKE and<br>JENNIFER SCHLOTT,<br><br>          Plaintiffs,<br><br>v.<br><br>CAPITAL ONE SERVICES, LLC,<br><br>          Defendant. | Case No. 8:14-cv-1466-T-24MAP |

### MOTION TO DISMISS COUNT II OF THE COMPLAINT

Defendant, CAPITAL ONE SERVICES, LLC ("Defendant"), through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 3.01(a), respectfully moves this Honorable Court for the entry of an Order dismissing Count II of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. Count II of Plaintiffs' Complaint purports to be a claim for "unpaid wages" pursuant to Chapter 448, *Florida Statutes*. However, that Chapter does not create such a cause of action.

### PRELIMINARY STATEMENT

1. On or about May 9, 2014, Plaintiffs filed this civil action, alleging violation of the overtime requirements of the Fair Labor Standards Act ("FLSA") (Counts I ) and "unpaid wages" pursuant to Chapter 448 of the Florida Statutes (Count II).

2. For the reasons set forth below, Count II of Plaintiffs' Complaint fails to state a claim upon which relief can be granted and should be dismissed.

**MEMORANDUM OF LAW**

I. **Motion to Dismiss Standard**

The Court may dismiss a complaint for failure to state a claim if a plaintiff is unable to prove any set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957); *Sea Vessel, Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994). In considering a motion to dismiss, the trial court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations in the complaint as true. In doing so, the court must determine whether the plaintiff can prove any set of facts that would entitle her to relief. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994); *Maranda Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1317 (M.D. Fla. 2002). In order to withstand a motion to dismiss, Plaintiff must allege adequate factual support and may not rely on mere conclusory allegations. *South Florida Water Management District v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996).

As more fully set forth below, Count II of Plaintiffs' Complaint should be dismissed for failure to allege facts entitling Plaintiffs to relief.

II. **Plaintiff Has Failed To Allege A Violation Of Chapter 448**

Count II of Plaintiffs' Complaint contains a single cause of action, for "unpaid wages" pursuant to "Florida Statute Chapter 448." Complaint ¶ 25. Chapter 448 contains multiple statutes, but Plaintiffs do not assert which statute, if any, contained in Chapter 448 was purportedly violated. Even so, none of the statutes contained in Chapter 448 creates a cause of action for "unpaid wages." Plaintiffs only allege they were deprived of overtime

compensation for time spent logging on and off of their computers. *Id.* at ¶ 19. Yet, Chapter 448 does not create a cause of action for overtime compensation.

The FLSA is a plaintiff's exclusive remedy for lost overtime wages. *Saunders v. Hunter*, 980 F. Supp. 1236, 1246 (M.D. Fla. 1997). Accordingly, even if Plaintiffs' Complaint establishes a valid claim of "unpaid wages" under Chapter 448, Florida Statutes (which it does not), the claim is preempted by the FLSA and should be dismissed.

**III.** **Count II Should Be Dismissed Because, Even It Could Be Construed As Alleging A Specific Statutory Violation, It Still Fails To State A Claim For Unpaid Wages**

The statute in Chapter 448 that comes closest to the subject matter of this action is Section 448.110, the Florida Minimum Wage Act ("FMWA") (although the Complaint does not, nor could it, contain any allegations of minimum wage violations). A recent decision from this Court held that plaintiffs who seek "unpaid wages" under Chapter 448's minimum wage provision must also fulfill the conditions precedent of bringing such an action. Specifically, the plaintiff must notify the employer alleged to have violated Chapter 448, in writing, of an intent to initiate such an action. *Nichols v. Lab. Corp. of Am.*, 2014 U.S. Dist. LEXIS 26780 (M.D. Fla. Mar. 1, 2014); Fla. Stat. § 448.110(6)(a). In this case, to the extent Plaintiffs' "unpaid wages" claim is intended to be brought under the FMWA, Plaintiffs have failed to fulfill the conditions precedent.

In *Nichols*, the plaintiff alleged claims for recovery of minimum wages and unpaid wages under Chapter 448, Florida Statutes. *Id.* at * 9-13. In her complaint, the plaintiff did not allege that the written notice requirement under § 448.110(6) had been fulfilled, or the total amount of alleged unpaid wages which the plaintiff was entitled. *Id.* For these reasons, the defendant moved to dismiss the plaintiff's unpaid wages claim for failing to state a cause

of action. The Court held that "because Plaintiff has not alleged compliance with the FMWA's pre-suit notice requirement in her Complaint, Plaintiff's minimum wage claim ... (Count II) is dismissed." *Id*. at * 13. *See also Garcia-Celestino v. Ruiz Harveseting, Inc*., 2013 U.S. Dist. LEXIS 102371, at *50-53 (M.D. Fla. July 22, 2013) ("because Plaintiffs did not comply with the FMWA's pre-suit notice requirement, Plaintiffs' minimum wage claim ... is dismissed").

Similar to *Nichols* and *Garcia-Celestino*, the Plaintiffs in this case fail to allege in their Complaint that they have fulfilled the conditions precedent of bringing an action for unpaid wages under Chapter 448, Florida Statutes. Particularly, the Plaintiffs have not alleged that they fulfilled the notice requirements of Fla. Stat. § 448.110(6)(a). Accordingly, Count II of Plaintiffs' Complaint should be dismissed.

**IV.     Count II Must Be Dismissed Because Plaintiffs Are Not Members Of The Class Protected By Section 448.01 And Cannot State A Cause Of Action Thereunder**

To the extent Plaintiffs' "unpaid wages" claim is intended to be brought under Section 448.01(1) of the Florida Statutes, Plaintiffs again fail to state a cause of action. Section 448.01(1) provides that:

> [t]en hours of labor shall be a legal day's work, and <u>when any person</u> <u>employed</u> to perform manual labor of any kind <u>by the day, week, month or year</u> renders 10 hours of labor, he shall be considered to have performed a legal day's work, unless a written contract has been signed by the person so employed and the employer, requiring a less or greater number of hours of labor to be performed daily.

§ 448.01(1), Fla. Stat. (1997) (emphasis added). Plaintiffs, by their own admission on the face of the Complaint, were <u>not</u> employed on a daily, weekly, monthly or yearly basis. Rather, Plaintiffs were employed as <u>hourly</u> workers (*see* Complaint, at ¶¶ 10 through 11). As

4

hourly employees, Plaintiffs are not members of the class protected by Section 448.01, and cannot state a cause of action thereunder.  Moreover, Plaintiffs do not contend they worked ten hours of "labor" per day.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that this Court: (1) dismiss Count II of Plaintiffs' Complaint with prejudice; (2) award Defendant reasonable attorneys' fees and costs as may be determined by this Court; and (3) grant such other and further relief as this Court deems just and proper.

>Respectfully submitted,
>
>*/s/ Jay P. Lechner*
>Jay P. Lechner, Esq.
>Florida Bar No. 0504351
>jay.lechner@jacksonlewis.com
>JACKSON LEWIS P.C.
>100 South Ashley Drive, Suite 2200
>Tampa, Florida 33602
>Telephone:     (813) 512-3210
>Facsimile:      (813) 512-3211
>*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of June, 2014 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>*/s/Jay P. Lechner, Esq.*
>Attorney

4818-1536-0027, v. 1