UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYNDA VAN DYKE and JENNIFER
SCHLOTT, on behalf of themselves
and others similarly situated,

       Plaintiffs,

v.                                      Case No.  8:14-cv-1466-T-24 MAP

CAPITAL ONE SERVICES LLC,

       Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss Count II.  (Doc. No. 5).  Plaintiffs oppose the motion.  (Doc. No. 10).  As explained below, the motion is granted, but Plaintiffs are given leave to amend.

**I.  Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.

at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II. Background**

Plaintiffs allege the following in their complaint (Doc. No. 1): Plaintiffs are Customer Service Representatives ("CSRs") employed by Defendant. Until March of 2014, CSRs were required to work "off the clock" by logging into and off of their computers at the beginning and end of their shifts. Plaintiffs allege that this took considerable time.

Plaintiffs allege that they worked in excess of forty hours per week, but they were not paid overtime. Additionally, Plaintiffs allege that they were not paid for logging into and off of their computers during times when they did not qualify for overtime compensation, and as such, they are entitled to unpaid wages for such time.

As a result of these allegations, Plaintiffs assert two claims. Count I is an overtime claim under the Fair Labor Standards Act. Count II is an unpaid wages claim, in which Plaintiffs allege that they "have earned unpaid wages which are owed and payable . . . pursuant to Florida Statute Chapter 448" and that Defendant has "refused to make payment as required by Florida Statute Ch 448." (Doc. No. 1, p. 4).

**III. Motion to Dismiss**

Defendant moves to dismiss Count II, arguing that Plaintiffs have not alleged a cause of action pursuant to Chapter 448 of the Florida Statutes.  In response, Plaintiffs clarify that they are seeking unpaid wages at their hourly rate of pay (which exceeds the minimum wage rate) for the time that they spent logging into and off of their computers during times that they did not qualify for overtime pay.  Additionally, Plaintiffs state that their reference to Chapter 448 related to their claim for attorneys' fees for pursuing an unpaid wages claim.[1]  Thus, Plaintiffs argue that they have sufficiently alleged an unpaid wages claim.

The Court understands Defendant's confusion regarding Plaintiffs' allegations, especially given that Plaintiffs stated that they "have earned unpaid wages which are owed and payable . . . pursuant to Florida Statute Chapter 448" and that Defendant has "refused to make payment as required by Florida Statute Ch 448."  (Doc. No. 1, p. 4).  Therefore, the Court dismisses Count II without prejudice and will give Plaintiffs leave to amend Count II to properly articulate that they are asserting an unpaid wages claim and are seeking attorneys' fees pursuant to Florida Statute § 448.08.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant's Motion to Dismiss Count II (Doc. No. 5) is **GRANTED**, and Count II is dismissed without prejudice.

(2) By July 22, 2014, Plaintiffs may file an amended complaint as to Count II in order

---

[1]Section 448.08 provides that "[t]he court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."

to fix the deficiency described in this Order.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of July, 2014.

                                          SUSAN C. BUCKLEW
                                          United States District Judge

Copies to:
Counsel of Record